IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FIRST SOLAR ELECTRIC, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:21-cv-408 (MTT) |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

__ORDER__

Defendant Zurich American Insurance Company ("Zurich") moves to dismiss the claims brought by Plaintiff First Solar Electric, LLC, ("First Solar"). Doc. 11. For the reasons discussed below, Zurich's motion (Doc. 11) is **DENIED**.

**I.   BACKGROUND**

In February 2018, First Solar began a 2,000+ acre solar project in Twiggs County, Georgia. Docs. 1 ¶ 1. Zurich issued an "all-risk Master Builder's Risk Policy and project specific certificate […] to cover risk of loss and damage during construction" of the project. Doc. 1 ¶ 2. The Twiggs County project was damaged during construction by five "serial heavy rain events [. . . which] caused significant water damage" on December 13, 2019; February 5, 2020; February 13, 2020; March 3, 2020; and April 18, 2020. Doc. 1 ¶¶ 3, 35. First Solar filed timely claims for these events which totaled $13,403,576 in damages. Doc. 1 ¶¶ 1, 36, 40.

On July 11, 2020, Zurich made a $600,000 initial payment to First Solar for the rainstorm damages, pursuant to the policy's "WATER DAMAGE*" provision.  Doc. 1 ¶ 42.  In later correspondence, Zurich referred to the damage under the "FLOOD*" provision instead.  Doc. 12 at 3.  Zurich continued to investigate the claims through March 2021, more than a year after four of the five rainstorm events, and corresponded with First Solar throughout this process.  Doc. 1 ¶¶ 43-49.  On March 22, 2021, Zurich issued a letter that categorized the damages as "FLOOD*" damages rather than "WATER DAMAGE*," claimed that a $2,500,000 deductible applied for each event, and stated that it would not pay any additional amount towards the damages.  Doc. 1 ¶ 50.  After this letter, First Solar and Zurich attempted arbitration.  Doc. 1 ¶ 53.  Following an unsuccessful mediation on October 7, 2021, First Solar filed its complaint on November 11, 2021, seeking indemnification for the losses related to its insurance claims.  Doc. 1 ¶ 53.  Zurich moved to dismiss the complaint pursuant to Rule 12(b)(6) on December 7, 2021.  Doc. 12.

## II.   STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing Fed. R. Civ. P. 12(b)(6)). "Factual allegations that are merely consistent with a defendant's liability

fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III.   DISCUSSION

Zurich moves to dismiss on two grounds: (1) that First Solar began its action outside of the one-year period imposed by an "unambiguous and enforceable suit limitation clause" in the policy and (2) that First Solar's bad faith claim failed to comply with the pre-suit requirements of O.C.G.A. § 33-4-6.  Doc. 12 at 1-2.  As to the first argument, the suit limitation clause provides:

**26. <u>SUIT AGAINST THE COMPANY</u>**

> No suit or action on this Policy for the recovery of any claim will be sustainable in any court of law or equity unless the Insured will have fully complied with all the requirements of this Policy. Any action or proceeding against the Company for recovery of any loss under this Policy will not be barred if commenced within **(12) twelve** months after the **OCCURRENCE*** becomes

known to the Named Insured unless a longer period of time is required by applicable statute.

Doc. 12 at 5; Doc. 1-1 at 63.[1]  Zurich contends that because First Solar filed its complaint after April 2020, the one-year mark of the rainstorm events, First Solar's claims are barred.  However, the pleadings do not establish as a matter of law that the suit limitation clause bars First Solar's claim.

In insurance liability disputes, the defendant bears the burden of establishing as an affirmative defense any exception to liability provided by the insurance policy.  *Indep. Life & Acc. Ins. Co. v. Thornton*, 102 Ga. App. 285, 290, 115 S.E.2d 835, 840 (1960); *see also Dolan v. Auto Owners Ins. Co.*, 333 Ga. App. 601, 604, 773 S.E.2d 789, 792 (2015).  "[S]uit limitations are enforceable in Georgia, and an insured's compliance with such a provision is a condition precedent to filing a lawsuit based on the policy."  *Willis v. Allstate Ins. Co.*, 334 Ga. App. 540, 543, 779 S.E.2d 744, 746 (2015).  But "where the application of a contractual limitation would work a forfeiture of the policy benefit, 'the court will strictly construe the provision against the insurance company and small circumstances will be sufficient to show a waiver by the company."  *Gilbert v. Southern Trust Ins. Co.*, 252 Ga. App. 109, 111, 555 S.E.2d 69, 72 (2001).  The actions of an insurer can create a disputed question of fact as to whether the insurer "lulled the insured into a belief" that the limitation was waived.  *Edwards v. Atlantic Ins. Co.*, 203 Ga. App. 608, 610, 417 S.E.2d 410, 413 (1992) (holding that there may be waiver "[i]f the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit").  However,

---

[1] Although it is not necessary to reach First Solar's arguments regarding the clause's potential ambiguity for the purposes of this motion, the Court notes that the wording of the suit limitation clause is unusual.

"[m]ere negotiation for settlement, unsuccessfully accomplished, is not [the] type of conduct [. . . ] to constitute a waiver of the limitation defense." *Stone Mountain Collision Ctr. v. Gen. Cas. Co. Of Wi.*, 307 Ga. App. 394, 396, 705 S.E.2d 163, 165 (2010). "Rather, '[t]o conclude that the policy limitations have been waived or estopped, there must be an affirmative promise or other act waiving the limitation[,] or an actual or constructive fraud leading the insured to believe the limitation [period] would be enlarged." *Stapleton v. Gen. Acc. Ins. Co.*, 236 Ga. App. 835, 837, 512 S.E.2d 645, 647-48 (1999) (quoting *Bowers v. Safeco Ins. Co. of America*, 187 Ga. App. 229, 230, 369 S.E.2d 547, 548) (alterations in original) (1988).

In cases where Georgia courts have found waiver, "[e]ach involved investigations, negotiations, or assurances by the insurance company up to and past the period of limitation which would have led the insured to believe the limitation would not apply." *Mod. Carpet Indus., Inc. v. Factory Ins. Ass'n*, 125 Ga. App. 150, 151, 186 S.E.2d 586, 587 (1971). It "is not necessary that there be an actual promise to pay in order for the acts of the insurer to effect a waiver of the time limitation." *Nee v. State Farm Fire & Cas. Co.*, 142 Ga. App. 744, 746, 236 S.E.2d 880, 882 (1977). If the facts show that negotiations led the insured to believe that a settlement would be reached without the need for a lawsuit, the insurer has waived the time requirement. *Id.* Here, Zurich provided an initial payment of $600,000 to First Solar in July 2020, and "First Solar understood throughout the claims process that Zurich was investigating and continuing to evaluate its position." Doc. 1 ¶¶ 42, 49. Zurich maintained that it was "[s]till working on" the claims as late as March 15, 2021—a week before it denied the

claims and more than a year after four of the five rainstorm events at issue. Doc. 1 ¶¶ 48-49.

Zurich argues that this case is analogous to a recent Georgia Court of Appeals decision, *Premier Eye Care Assoc., P.C., v. Mag Mut. Ins. Co.* 355 Ga. App. 620, 844 S.E.2d 282 (2020), *cert. denied* (May 17, 2021). There, after the insured waited three years from the date of loss to file suit, the insurer was granted summary judgment on the basis of the policy's two-year suit limitation clause despite prior payments to the insured. *Id.* at 288-89. However, Zurich failed to note that the insured in *Premier* "was well aware that [the insurer] did not intend to fully pay the amounts [the insured] claimed to be due" prior to the two-year suit limitation deadline. *Id.* at 288. After the parties in *Premier* completed arbitration, where the insured "learned for the first time that [the insurer] had determined as early as [five months after the date of loss] that it would not pay" additional coverage, there were still approximately seven months for the insured to file suit in compliance with the suit limitation clause. *Id.* at 285, 288. The facts of *Premier* are distinguishable from this case.

The other cases cited by Zurich are also distinguishable. In *Willis v. Allstate Ins. Co.*, the insured waited two years before filing her claim, despite the fact that the insurer "never agreed the losses were covered under the policy, never made any payments for the losses, and continuously warned [the insured] that it was not waiving any policy provisions."[2] 779 S.E.2d at 747. In *Stone Mountain Collision Center v. Gen. Cas. Co. of Wi.*, the insured repeatedly rejected the insurer's final settlement offer with counteroffers prior to the suit limitation deadline, and there was a six-month gap

---

[2] Zurich also included standard language regarding its full reservation of rights in its communications with First Solar. *See* Doc. 12-1. In light of the other facts of the case, this is not enough to support dismissal.

between the last communication between the parties during the period for suit and the suit limitation deadline. 705 S.E.2d at 165-66.[3]  Zurich has not identified a case with analogous conduct in which waiver was denied, and Zurich's initial payment and continued representations of investigation beyond the suit limitation period may be affirmative actions which constitute waiver. *Stapleton*, 512 S.E.2d at 647-48. Accordingly, the Court finds that the facts alleged in the complaint are sufficient to survive a motion to dismiss.

As to Zurich's second argument, an insured must make a demand to the insurer for payment at least 60 days before filing suit to assert a bad faith claim under Georgia law. O.C.G.A. § 33-4-6. The bar for such a demand is exceedingly low—it need not contain specific or formulaic language, but it must at a minimum put the insurer on notice that the insured plans to take legal action for bad faith if the demand is not met. *See Cotton States Mutual Ins. Co. v. Clark*, 114 Ga. App. 439, 151 S.E.2d 780 (1966) (concluding insurer's acknowledgement of insured's threat after the claim was denied to file suit if the claim was not paid was sufficient). First Solar contends that "[g]iven the allegations of extensive discussions between Zurich and First Solar, and given First Solar's expressed expectation throughout that its claims would be covered, First Solar

---

[3] *See also Smith v. Allstate Ins. Co.*, 159 Ga. App. 743, 744, 285 S.E.2d 82, 83 (1981) (the insured voluntarily dismissed their original timely suit, brought the claims again in a second suit three years after the date of loss, and then had the claims dismissed according to the one-year suit limitation clause); *Beck v. Ga. Farm Bureau Mut. Ins. Co.*, 146 Ga. App. 878, 878, 247 S.E.2d 548, 549 (1978) (the insured had nine months after receiving the appropriate documentation in which suit could have been filed); *Stapleton*, 512 S.E.2d at 648 (plaintiff failed to provide appropriate loss documentation for the entirety of the two-year suit limitation clause, and her testimony that she had not filed suit because of an assurance that her claim would be paid was contradicted by her previous deposition testimony); *Cambridge Mut. Fire Ins. Co. v. Okonkwo*, 218 Ga. App. 59, 61, 460 S.E.2d 302, 304 (1995) (the insured was aware that the insurer disputed the claim and contended that the insured had made misrepresentations which voided the policy four months before the suit limitation period expired); *Mod. Carpet Indus, Inc., v. Factory Ins. Ass'n,*, 186 S.E.2d at 587 (the insured knew the insurer had denied the claim within the suit limitation period but failed to file suit until after the period had passed).

has met its burden at the pleading stage." Doc. 16 at 19, (citing *Byce v. Pruco Life Ins. Co.*, 2011 WL 233390, at *5 (N.D. Ga. Jan. 21, 2011)).  Without looking beyond the complaint, it is impossible to determine whether First Solar gave Zurich sufficient notice as required by O.C.G.A. § 33-4-6.  Fed. R. Civ. P 12(b).  Accordingly, the Court cannot conclude as a matter of law that First Solar did not give timely notice of its bad faith claim at this stage of the case.

## IV.     CONCLUSION

For the reasons discussed above, Zurich's motion to dismiss (Doc. 11) is **DENIED.**

**SO ORDERED**, this 10th day of March, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT