IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FIRST SOLAR ELECTRIC, LLC,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-408 (MTT) |
| **ZURICH AMERICAN INSURANCE COMPANY,** | ) |
| **Defendant.** | ) |

## ORDER

Defendant Zurich American Insurance Company ("Zurich") moves the Court for reconsideration of its Order (Doc. 116) under Local Rule 7.6 or, in the alternative, to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b) on the issue of whether a deductible is a waivable condition. Doc. 118. For the reasons that follow, Zurich's motion (Doc. 118) is **DENIED**.

Zurich first argues that reconsideration is appropriate because the Court made a clear error "in contravention of Georgia law" when it held that "Zurich could and did wave the Policy's 'Flood' deductible." Doc. 118 at 2. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered

which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Zurich's contention that the Court erroneously concluded that the flood deductible was waivable is a regurgitation of the argument it made in its briefing on the parties' motions for summary judgment. *See, e.g.*, Docs. 88-1 at 27-28; 103 at 28-29; 113 at 11-12. The only difference between Zurich's prior briefing and its motion for reconsideration is that Zurich cites non-persuasive, non-binding authority that pre-dates the filing of the cross motions for summary judgment. Doc. 118 at 2-3. Zurich's motion for reconsideration simply re-argues points already made in its summary judgment briefing and "rehashing arguments already rejected by the court" is not a proper basis for reconsideration. *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996); *Gold Cross EMS, Inc. v. Children's Hosp. of Alabama*, 108 F. Supp. 3d 1376, 1383 (S.D. Ga. 2015), *aff'd,* 648 Fed. Appx. 976 (11th Cir. 2016) ("[The plaintiff] already argued this point in its summary judgment briefing. Seeking to relitigate the matter is inappropriate on a motion for reconsideration.").

Zurich next argues that the Court should certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b). Doc. 118 at 4-5. Interlocutory appeals are strongly disfavored. *See, e.g., McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("[P]ermitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b)

interlocutory appeals is bad policy."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)) ("[I]nterlocutory appeals are inherently 'disruptive, time-consuming, and expensive,' and consequently are generally disfavored."); *In re Esteva*, 60 F.4th 664, 672 (11th Cir. 2023) (same).  A district court cannot certify an immediate appeal unless: (1) it would "materially advance the ultimate termination of the litigation," and (2) "substantial ground for difference of opinion" exists concerning a "controlling question of law" to be appealed.  28 U.S.C. § 1292(b).  "The requirement that there be substantial ground for difference of opinion is satisfied when (1) the issue is difficult and of first impression, (2) a difference of opinion as to the issue exists within the controlling circuit, or (3) the circuits are split on the issue."  *Georgia State Conference of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013).

      Although whether a deductible is waivable is matter of first impression, that alone is insufficient to justify interlocutory appeal.  *Id*. ("[T]he fact that the question is one of first impression, standing alone, is insufficient."); *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Associates, P.C*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015).  As discussed at length in the Order, there was sufficient Georgia law discussing the difference between waivable policy defenses and nonwaivable coverage defenses to guide the Court's analysis and conclusion that the deductible is waivable policy defense.[1]  *See* Doc. 116 at 39-42.

---

[1] Notably, Zurich contends that certification to the Georgia Supreme Court under O.C.G.A. § 15-2-9 is *not* appropriate because there are a "host of decisions" that "resolve" whether the deductible is waivable "without the need for additional, specific guidance from the Georgia Supreme Court."  Doc. 121 at 3.

Accordingly, Zurich's motion for reconsideration or, in the alternative, to certify the Order for interlocutory appeal (Doc. 118) is **DENIED**.

**SO ORDERED**, this 24th day of July, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
