IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FIRST SOLAR ELECTRIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 5:21-cv-408 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

__ORDER__

First Solar Electric, LLC ("First Solar") filed this action seeking determination of its rights under a Master Builder Risk policy issued by Zurich American Insurance Company ("Zurich").  Doc. 1.  After the Court ruled on the parties' first motions for summary judgment, the issues for trial were narrowed to 1) whether First Solar's suit was time-barred by the policy's "suit against the company" clause, and 2) damages.  Doc. 116.  On September 25, 2024, the Court granted First Solar leave to file a motion for partial summary judgment to determine whether the suit against the company clause created a twelve-month limitation for First Solar to file suit.  Doc. 137.  The Court granted First Solar's motion in an oral ruling on November 21, 2024. [1]  Ex. A at 5-15.  Zurich then moved for reconsideration of the Court's ruling on First Solar's motion for partial summary judgment.  *Id.* at 93-101.  The Court heard oral argument from Zurich

---

[1] The Court has attached an annotated copy of the transcript of the oral order.  The Court's annotations are bracketed.

and allowed Zurich to file a supplemental brief on its motion for reconsideration.  For the following reasons, Zurich's motion for reconsideration is **DENIED**.

## DISCUSSION

### A. Background

Zurich's policy provides:

> No suit or action on this Policy for the recovery of any claim will be sustainable in any court of law or equity unless the Insured will have fully complied with all the requirements of this Policy.  Any action or proceeding against the Company for recovery of any loss under this Policy will not be barred if commenced within **(12) twelve** months after the **OCCURRENCE**\* becomes known to the Named Insured unless a longer period of time is required by applicable statute.

Doc. 90-4 at 64 ¶ 26.  In the initial summary judgment motions, Zurich argued that First Solar's claims were barred because First Solar filed suit on November 12, 2021, more than twelve months after the last occurrence on April 18, 2020.  Doc. 116 at 18.  Although First Solar argued that the relevant language was a time-expanding provision rather than a time-limiting provision, it did not move for summary judgment on the issue.  *Id.*  Rather, it argued that Zurich had waived any right to invoke the clause to deny First Solar's claims.  *Id.*

On June 24, 2024, the Court denied Zurich's motion for summary judgment, ruling that issues of fact remained regarding waiver.  *Id.* at 18-23.  In that order, the Court again noted First Solar's failure to seek a ruling on the proper interpretation of the suit against the company clause.  Doc. 116 at 18 n. 7.  That perhaps motivated First Solar to seek that ruling.[2]  Doc. 132.  At the November 21, 2024 pre-trial conference,[3]

---

[2] The Court understands Zurich's frustration over this last-minute motion.  But the issue was lurking regardless and all agree that the interpretation of the clause is an issue for the Court.  Moreover, judicial economy is served—the Court's ruling has sharply limited the issues for trial.

[3] The Court informed the parties of its ruling on November 6, 2024.  Doc. 164.

the Court granted First Solar's motion and ruled that the suit against the company clause was not a suit limitation clause.  Ex. A at 14.  Instead, the Court ruled that the clause unambiguously created a discovery rule that extended First Solar's time to sue if the occurrence giving rise to the suit did not become known until after the statute of limitations had run.  *Id.* at 13.

### B. Motion for reconsideration

In its motion for reconsideration, Zurich argues that the Court erred when it ruled that the suit against the company clause does not limit First Solar's time to sue to twelve months.  Doc. 169-2.  First, Zurich argues that the plain language of the policy provision should be read to create a suit limitation clause.  *Id.* at 8-10.  Second, Zurich argues that canons of construction support Zurich's interpretation of the clause.  *Id.* at 7-8.  Third, Zurich argues that the Court improperly drew an analogy to the Georgia Supreme Court's interpretation of Georgia's medical malpractice discovery rule in its interpretation of this policy.  *Id.* at 10.  Zurich's arguments fail.

The standard for granting a motion for reconsideration is strict.  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id.; see also Money v. Isom*, 2024 WL 3558373, at *1 (M.D. Ga. July 25, 2024) ("The Court recognizes only three circumstances that warrant reconsideration of a prior

order under Rule 59(e): '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'") (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

### 1. The plain meaning of the suit against the company clause

To begin, the Court notes that two limitations accrual rules are at play here—the occurrence rule and the discovery rule.  The two rules work as their label suggests.  Under the occurrence rule, a limitation period runs from the date of an occurrence.  *See King v. Seitzingers*, 160 Ga. App. 318, 319, 287 S.E.2d 252, 254 (1981).  Under the discovery rule, the period begins to run when the occurrence is discovered.  *Id.*  Here, the applicable statute of limitations, O.C.G.A. § 9-3-24, provides an occurrence rule—an action "shall be brought" within six years of breach.  *See Godwin v. Mitzpah Farms*, 330 Ga. App. 31, 38, 766 S.E.2d 497, 502 (2014).

The relevant language in Zurich's suit against the company clause unambiguously creates a discovery rule.  The clause states that an action "*will not* be barred" if filed within twelve months "after the occurrence *becomes known*."  Doc. 90-4 at 64 ¶ 26 (emphasis added).  But it does not unambiguously create a limitations period.  That is, it does not say an action shall be barred.  Zurich urges the Court to read the inverse into the clause and rule that a claim *will be* barred *if not* brought within twelve months after the occurrence.  Doc. 169-2 at 9.  But the policy contains only language

permitting an action, and there is no language suggesting an intent to limit the time to sue to twelve months after discovery of the occurrence.

Oddly, Zurich cites *Olmstead v. BPG Inspection*, 319 Ga. 512, 903 S.E.2d 7 (2024), to support its argument that the Court should enforce the clause as a suit limitation.  Doc. 169-2 at 6.  *Olmstead* adds nothing to the legal analysis, but it does provide a primer for insurance companies that want to draft an enforceable suit limitation clause and squelch any argument that its clause states a discovery rule rather than an occurrence rule.  The suit limitation clause in *Olmstead* reads "YOU MAY NOT FILE AN ACTION… AGAINST US OR OUR EMPLOYEES MORE THAN ONE YEAR AFTER THE INSPECTION, EVEN IF YOU DO NOT DISCOVER A DEFECT UNTIL AFTER THAT."  *Olmstead*, 319 Ga. at 513, 903 S.E.2d at 10.  The clause in *Olmstead* clearly barred suits unless filed within one year of an occurrence *and* foreclosed any possible application of a discovery rule.  *Id.*  In contrast, Zurich's clause does not contain language barring suit; it states only that a suit "will not be barred" and it explicitly creates a discovery rule *allowing* insureds to file lawsuits within twelve months after the discovery of an occurrence.  Doc. 90-4 at 64 ¶ 26.  In short, Zurich's clause makes no effort to supplant O.C.G.A. § 9-3-24.  *Id.*  Rather, it gives insureds the benefit of a discovery rule for occurrences not discovered until after the statute of limitations has run.  *Id.*  Thus, Zurich has not shown clear error in the Court's plain language interpretation of the policy.

### 2. The Canons of Construction

Zurich also cites several canons of construction in its motion for reconsideration.  First, Zurich argues that the clause must be considered as a whole, citing the canon of *noscitur a socii and* the overarching principle that intent can be ascertained from

considering the document as a whole.  Doc. 169-2 at 7.  Zurich argues that the language "[n]o suit or action on this Policy… will be sustainable…unless the Insured will have fully complied with all the requirements of this Policy," is evidence that Zurich intended to bar suits not brought within twelve months after the occurrence.  Doc. 90-4 at 64 ¶ 26.  However, that language does not change the Court's interpretation.  It only reinforces that the insured is bound by all policy requirements, including the discovery rule found in the next sentence.

In a brief, conclusory argument, Zurich contends that the Court's interpretation of the policy creates surplusage because the Court failed to account for the phrase "unless a longer period of time is required by state law."[4]  Doc. 169-2 at 8; Doc. 90-4 at 64 ¶ 26.  Zurich then leaps to the conclusion that the phrase somehow clarified that the statute of limitations had been supplanted.  *Id.*  But the phrase "unless a longer period of time is required by state law" clearly refers to the immediately preceding clause creating the discovery rule.  Doc. 90-4 at 64 ¶ 26.  Thus, the clause as a whole means that an insured enjoys a twelve-month discovery rule, unless a longer period is required by state law.  No state law requires a longer discovery rule.

Zurich also argues that the common usage of the words in the policy supports Zurich's interpretation.  Doc. 169 at 8-10.  Specifically, Zurich argues that the phrase "will not be barred if commenced within **(12) twelve** months" is simply written in the negative and can commonly be understood to mean that a claim will be barred if not

---

[4] Zurich wanders into treacherous territory when it involves this clause.  Even if the Court were persuaded that "unless a longer period of time is required by state law" refers to the statute of limitations, that phrase could be interpreted to mean that the six-year statute of limitations supplants any shorter suit limitation clause found in the policy.  *See Queen Tufting Co. v. Fireman's Fund. Ins. Co.*, 239 Ga. 843, 843, 239 S.E.2d 27, 28 (1977) (holding that the six-year statute of limitations applied over a twelve-month suit limitation clause because the clause contained the phrase "unless a longer period of time is provided by applicable statute").

brought within twelve months.  Docs. 169 at 8-10; 90-4 at 64 ¶ 26.  To support its argument, Zurich cites out-of-state authorities discussing double negatives and the theory of "contrapositives."  *Wurdermann v. State*, 555 P.3d 183, 187 (Idaho Sup. Ct. 2024); *Omrod v. Hubbard Broadcasting, Inc.*, 328 F. Supp. 3d 1215, 1230 (D. N.M. 2018).  However, those cases are not binding on this Court and do not support Zurich's argument.[5]

*3. The Court's Reliance on* Spivey v. Whiddon

Zurich argues that the Court erred when it pointed to *Spivey v. Whiddon*, 260 Ga 502, 397 S.E.2d 117 (1990), a case interpreting the interplay between Georgia's two-year medical malpractice statute of limitations, which provides for an occurrence rule, and the one-year discovery rule for foreign objects left in a patient's body.  See O.C.G.A. §§ 9-3-71-72.  Zurich manages both to miss the point and make the point.  It argues that Georgia's statutes of limitations for contracts, here O.C.G.A § 9-3-24, do not allow a discovery rule.  Precisely.  Yet, Zurich chose, for whatever reason, to give its insureds the benefit of a discovery rule.  And the language Zurich chose to extend that benefit to its insureds did not supplant the statute of limitations.  The point of *Spivey* is that it illustrates the "mischief" of extending the benefit of a discovery rule and then construing that benefit to work a forfeiture.  *Spivey*, 260 Ga. at 504, 397 S.E.2d at 119.  Not incidentally, as the Court noted in its order, the discovery rule in O.C.G.A. § 9-3-72 was mandatory, "shall be brought," unlike Zurich's permissive discovery rule, "will not be

---

[5] *Wurdermann* analyzed statutory language containing a double negative, which is not present in Zurich's clause.  555 P.3d at 187.  *Omrod* described the doctrine of "contrapositives," which involves formulating a sentence into an "if…then" statement, then flipping the clauses.  *Omrod*, 328 F. Supp. 3d at 1230-21.  As First Solar argued, the contrapositive of Zurich's clause is "if the suit is barred, then the claim was not brought within twelve months after the occurrence became known."  Docs143-1 at 11; 175 at 5.  That does not mean that *all* suits not brought within twelve months after discovery are barred, as Zurich argues.

barred," and thus strengthened the argument that O.C.G.A. § 9-3-72 supplanted O.C.G.A. § 9-3-71.  Ex. A at 10-12; Doc. 90-4 at 64 ¶ 26; *Spivey*, 260 Ga. at 502, 397 S.E.3d at 118.  The Supreme Court rejected that argument.  *Spivey*, 260 Ga. at 502, 397 S.E.3d at 118.

*4. The Potential of Ambiguity*

Further, even assuming Zurich's clause could, by some logic, be interpreted to mean "will be barred" notwithstanding its actual wording, that would mean that, at best, the clause can be read different ways.  If so, it is ambiguous and must be construed against Zurich.  *See Pilz v. Monticello Ins. Co.*, 267 Ga. App. 370, 371-72, 599 S.E.2d 220, 221 (2004) ("Under the rules of contract construction, the policy is construed against the insurer as the drafter of the policy and any exclusions from coverage are strictly construed.").  Thus, Zurich still comes up short.

## CONCLUSION

Zurich's arguments failed and its oral motion for reconsideration is **DENIED**.

**SO ORDERED**, this 16th day of December, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT