IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FIRST SOLAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-408 (MTT) |
| | ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

# ORDER

First Solar Electric, LLC ("First Solar") filed this action seeking determination of its rights under a Master Builder Risk policy issued by Zurich American Insurance Company ("Zurich"). Doc. 1. After the resolution of summary judgment motions from both parties, the only issue left for trial is damages. Docs. 116. Along with its pre-trial submissions, Zurich filed a trial brief. Doc. 136. Filing a trial brief is not unusual. But Zurich's "trial brief" is effectively a motion for summary judgment. For the following reasons, Zurich's late and improper request for relief in its trial brief (Doc. 136) is **DENIED**.

## I. BACKGROUND

**A**. **Procedural History**

This suit arises from five separate, heavy rain events that caused damage to First Solar's Twiggs County solar project. Doc. 136 at 1. On June 24, 2024, the Court granted in part and denied in part each parties' motions for summary judgment. Doc. 116. Relevant to this motion, the Court ruled that First Solar's claims were for "flood"

damage under the policy and were subject to a $2,500,000 deductible. *Id.* at 44. However, the Court ruled that Zurich waived the flood deductible because Zurich's adjuster, Scott Klaben, represented to First Solar that the claims were for "water damage." *Id.* The Court's ruling turned largely on three advance payments that Zurich sent First Solar on June 14, 2020, which applied the $100,000 water damage deductible. *Id.* at 43-44. The Court ruled that because Zurich waived the higher deductible, each of First Solar's claims was subject to the $100,000 water damage deductible and issues of fact remained as to First Solar's damages. *Id.*

First Solar states that, at trial, it will seek damages for over $10,000,000, and it claims those damages are covered under three policy provisions: 1) Insuring agreement A, 2) expediting expenses, and 3) extra expenses. Doc. 151 at 2. First Solar states that, to prove its damages, it will introduce workbooks detailing its losses and it will provide testimony to explain how each item is covered by the policy. *Id.* at 5.

Zurich's trial brief seeks rulings that limit the damages First Solar may seek. Doc. 136. First, Zurich argues that First Solar cannot prove certain losses, specifically expediting and extra expenses. *Id.* Second, Zurich argues that, despite its waiver, the $2,500,000 flood deductible applies to First Solar's claims for expediting and extra expenses. *Id.*

**B. Relevant Policy Provisions**

Insuring agreement A "insures against direct physical loss of or damage to the Covered Property while at the location of the **INSURED PROJECT*** and occurring during the policy or certificate term." Doc. 90-4 at 14.

In addition to insuring against direct physical loss and damage, the policy also provides the following "coverage extensions" for expediting and extra expenses:

> (1) Expediting expenses, including any reasonable wages for overtime, night work, and work on public holidays and extra costs of express freight or other rapid means of transportation which are necessary to make temporary repairs and to expedite the permanent repair or replacement of the covered property when damaged by an peril insured, but only to the extent such is necessary to continue as nearly as practicable the normal operation of the work in progress.
>
> (2) Extra expenses, which means the reasonable and necessary excess costs incurred during the period of restoration or repair of the damaged property that are over and above the total costs that would normally have been incurred during the same period of time had no loss or damage occurred for the purpose of continuing as nearly as practicable the scheduled progress of undamaged work.
>
> *Any costs incurred hereunder shall be subject to the deductible applicable to the cause of loss that necessitates such costs.*  In the event that the amount of physical loss is less than the applicable deductible, the Company shall not accept a claim for, nor be liable for the excess costs as covered herein.

*Id.* at 18 (emphasis added).  Note the emphasized sentence, which provides the basis for Zurich's principal argument.

The policy applies a deductible "on an each **OCCURRENCE*** basis for each **INSURED PROJECT*** that sustains loss or damage."  *Id.* at 25.  With regard to "flood" perils, "**OCCURRENCE*** shall mean *all losses or damages* arising during a continuous condition as defined in the definition of **FLOOD*.**"  *Id.* at 31 (emphasis added).

## II.  DISCUSSION

Zurich argues that First Solar is not entitled to seek expediting or extra expenses at trial.  Doc. 136 at 2.  Zurich's trial brief argued that First Solar cannot prove it is

-3-

entitled to those expenses and sought a ruling to that effect.[1]  *Id.*  Then in its reply trial brief, Zurich sought relief on what now appears to be its real argument—it did not waive the $2,500,000 flood deductible for expediting and extra expenses.  Doc. 163 at 6.  The Court disagrees.

**A. First Solar's Evidence of Losses**

Zurich asks the Court to bar First Solar from seeking expediting and extra expenses because "First Solar cannot meet its burden to prove both the amount of its losses to a reasonable degree of certainty and that such losses fall within the policy's grant of coverage."  Doc. 136 at 11.  But the Court has already ruled that issues of fact exist regarding whether First Solar is entitled to additional expenses under the policy.  Doc. 116 at 45.  Whether or not First Solar can prove its damages is a question for the jury, not the Court.

**B. Zurich's Waiver of the Deductible**

Zurich also argues that First Solar cannot claim expediting and extra expenses because the awards sought do not exceed the $2,500,000 deductible applicable to claims arising from flood occurrences.  Doc. 163 at 6-10.

*1.  The policy's deductible provisions*

Zurich argues that the policy's coverage extensions unambiguously apply the $2,500,000 flood deductible to claims for expediting and extra expenses and, therefore, any claims for those expenses made after Zurich's waiver are subject to the higher deductible.  Doc. 176 at 2.  It bases its argument on the language emphasized above—

---

[1] Zurich's initial request for relief relied heavily on the argument that First Solar should not be permitted to seek costs under the policy's "Delay in Completion" coverage extension.  Doc. 136 at 7.  That argument is moot because First Solar represents that it will not seek delay in completion costs at trial.  Doc. 151 at 2.

-4-

"any costs hereunder shall be subject to the deductible applicable to the cause of loss that necessitates such loss."  Doc. 90-4 at 18.  Zurich interprets that clause to mean that the expediting and extra expenses claimed after Zurich's waiver are subject to a different deductible than the damages claimed before.  Doc. 163 at 6; 176 at 2.  The problem with this argument is its false premise—that expediting and extra expenses are somehow separate claims arising from separate occurrences.  They are not.

The policy clearly states that deductibles apply "on an each **OCCURRENCE\*** basis."  Doc. 90-4 at 25.  A flood occurrence includes "*all losses or damages* arising during a…**FLOOD\***."  *Id.* at 31.  Thus, although First Solar's losses implicate several coverage provisions, those losses arise from one occurrence, and those losses constitute one claim subject to one deductible.

The policy's prohibition against multiple deductibles per occurrence is reinforced by the clause Zurich cites.  The clause, in its entirety, reads:

> Any costs [for expediting and extra expenses] incurred hereunder shall be subject to the deductible applicable to the cause of loss that necessitates such costs.  *In the event that the amount of physical loss is less than the applicable deductible, the Company shall not accept a claim for, nor be liable for the excess costs as covered herein.*

Doc. 90-4 at 18 (emphasis added).  That clause not only makes clear that costs for expediting and extra expenses are subject to the same deductible as the physical loss from which those expenses arose, but it also states the amount of physical loss, not claimed expediting and extra expenses, determines whether the deductible has been met.  Here, the parties agree that First Solar's physical loss for each occurrence exceeds $100,000.

-5-

There are five occurrences, and First Solar claims that as a result of each occurrence, it sustained losses covered as expediting and extra expenses. Because of Zurich's waiver, each occurrence is subject to a $100,000 deductible and, thus, Zurich's attempt to apply a separate deductible to First Solar's expediting and extra expense claims is not supported by the policy.

### 2. Knowledge required for waiver

Zurich also argues that it did not waive the flood deductible for First Solar's expediting and extra expenses because it did not know First Solar would claim those expenses. Doc. 176 at 6. As the Court stated in its summary judgment order, "payment by the insurer with knowledge of the *pertinent* circumstances giving it a policy defense waives its right to rely thereon." *Sargent*, 165 Ga. App. at 866, 303 S.E.2d at 46 (quoting 16C Appleman, Insurance Law and Practice, 564, § 9366) (emphasis added). And "[o]nce a condition has been waived, it cannot be reclaimed." Doc. 116 at 44; *Sargent*, 165 Ga. App. at 867, 303 S.E.2d at 47. At the time of Zurich's waiver, Zurich knew the *pertinent* circumstances regarding the applicable deductible—those necessary to determine whether the cause of loss for each occurrence was a flood or water damage. Doc. 167 at 10. Zurich cites no authority to support its argument that it needed to know each category of damages First Solar would claim to knowingly waive the flood deductible.[2]

---

[2] Zurich cites *Globe v. Rutgers Fire Ins. Co. v. Atl. & Gulf Shipping Co.*, 51 Ga. App. 904, 181 S.E. 310 (1935) to support its contention that it could not have waived the deductible for First Solar's expediting and extra expenses. However, *Globe* discussed whether waiver of one claim could estop an insurer from waiving a second claim that was "of different kind and character" than the first. *Globe*, 51 Ga. App. at 904, 181 S.E. at 312. Here, Zurich seeks a ruling that its waiver of the flood deductible does not apply to damages from the same claim.

But even if knowledge of First Solar's claims for expediting and extra expenses was required for Zurich to waive the flood deductible, First Solar provides evidence that it submitted invoices to Zurich for damages, such as overtime labor and remobilization expenses, that may be covered as expediting and extra expenses as early as December 2019.  *See* Docs. 167-1 at 1; 167-2 at 1; 167-3 at 3; 167-4 at 2.  Thus, there is evidence that Zurich knew First Solar would seek expediting and extra expenses when it waived the flood deductible.

### III.  CONCLUSION

Zurich has not shown that First Solar's damages should be limited or that a higher deductible applies to First Solar's claims for expediting and extra expenses. Accordingly, Zurich's trial brief request for relief (Doc. 136) is **DENIED**.

**SO ORDERED**, this 19th day of December, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT